IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06- _____

WESLEY OROSCO,

    Plaintiff,

v.

THE MONTEZUMA COUNTY SHERIFF'S OFFICE, MONTEZUMA COUNTY SHERIFF, GERALD WALLACE, individually and in his official capacity, and DAVE HART, MONTEZUMA COUNTY UNDERSHERIFF, individually and in his official capacity,

    Defendants.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Wesley Orosco, by and through his attorney, Douglas R. Ware, for his complaint against Defendants, states as follows:

**GENERAL ALLEGATIONS**

1. This action arises under the laws of the United States, particularly under 42 U.S.C. §1983, over which this Court has federal question jurisdiction under 28 U.S.C. §1331 and 1343. Venue is proper within this District under 28 U.S.C. §1391(b).

2. At all times relevant hereto, Plaintiff has been a citizen of the United States and a resident of Montezuma County, Colorado.

3. Defendant Montezuma County Sheriff's Office (the "MCSO") is the public entity with responsibility for and control over its employees and elected Sheriff.

4. Montezuma County Sheriff Gerald Wallace (the "Sheriff"), was, at all times relevant hereto, the Sheriff of Montezuma County, and was responsible for and had control over the employees of the MCSO. The Sheriff is a citizen of the United States, and, upon information and belief, a resident of Montezuma County. The Sheriff is named herein in his individual and official capacities.

5. Dave Hart ("Hart") was, at all times relevant hereto, the Undersheriff of Montezuma County, a citizen of the United States, and, upon information and belief, a resident of Montezuma County. He is named herein in his individual and official capacities.

6. At all relevant times, the MCSO, the Sheriff, and Hart were "persons" within the meaning of 42 U.S.C. §1983.

7. At all relevant times, the Sheriff and Hart were acting within the course and scope of their employment and/or authority with the MCSO.

8. The MCSO originally employed Plaintiff as a deputy sheriff. Plaintiff was a detective at the time his employment was terminated.

9. During Plaintiff's employment with the MCSO, Plaintiff publicly and privately expressed his support for the Sheriff's opponent, Bill Conner, for the elected office of Montezuma County Sheriff. Plaintiff campaigned, while off duty, on behalf of Conner. While off duty, Plaintiff wrote a letter to the editor of the Cortez Journal expressing Plaintiff's support for Conner. That letter was published on August 1, 2006. Plaintiff's wife was Conner's campaign manager. Defendants were aware, at all relevant times, of

Plaintiff's political beliefs, of Plaintiff's political and marital associations, of Plaintiff's political speech, and that Plaintiff's wife was Conner's campaign manager.

10. Defendants harassed Plaintiff, demoted him from his position as Sergeant, interfered with his marital relationship, and, ultimately, Defendant Hart, with the support of the Sheriff, terminated his employment on August 8, 2006, the day on which the Sheriff won his primary race against Conner, all as a result of Plaintiff's political beliefs, political and marital associations, and political speech.

11. Plaintiff requested and received an appeal hearing before the Sheriff, during which he complained that his employment had been terminated because of his political beliefs, political and marital associations, and political speech. The Sheriff upheld the termination decision.

12. Plaintiff's political speech in support of the Sheriff's opponent regarded a matter of public concern. Plaintiff's interest in engaging in the speech outweighed Defendants' interest in regulating it. Plaintiff's speech, political beliefs, and political/marital associations were substantial motivating factors behind the harassment, demotion, termination decision, and interference with Plaintiff's marital relationship. Plaintiff's position did not require political allegiance to the MCSO or the Sheriff.

## FIRST CLAIM FOR RELIEF AGAINST THE SHERIFF AND HART: 42 U.S.C. §1983

13. Plaintiff incorporates paragraphs 1-12 above as though fully set forth herein.

14. The Sheriff and Hart, acting under color of state law, deliberately, intentionally and/or recklessly deprived Plaintiff of his right to free speech and freedom of association, as protected by the First Amendment to the United States Constitution.

15. The Sheriff's and Hart's conduct violated the provisions of 42 U.S.C. §1983.

16. The Sheriff and Hart acted willfully, maliciously, and with callous and reckless indifference to and disregard of Plaintiff's constitutional rights.

17. As a direct and proximate result of the Sheriff's and Hart's violation of 42 U.S.C. §1983, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, experience, and reputation, in addition to emotional distress, inconvenience and loss of enjoyment of life, all to his damage, and all to the past, present and future, in an amount to be determined at trial.

# FIRST CLAIM FOR RELIEF AGAINST MONTEZUMA COUNTY SHERIFF'S OFFICE AND MONTEZUMA COUNTY SHERIFF:
## 42 U.S.C. §1983

18. Plaintiff incorporates paragraphs 1-17 above as though fully set forth herein.

19. The Sheriff and Hart were, in violating 42 U.S.C. §1983, acting pursuant to a formal or informal policy, custom or decision of the MCSO and the Sheriff.

20. As a direct and proximate result of the MCSO's and the Sheriff's violation of 42 U.S.C. §1983, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, experience, and reputation, in addition to emotional distress, inconvenience and loss of enjoyment of life, all to his damage, and all to the past, present and future, in an amount to be determined at trial.

WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

    A. General and special damages according to proof;

    B. Pre- and post-judgment interest from the date of injury forward, to the extent allowed under federal law;

    C. Exemplary damages against Wallace and Hart;

    D.     Costs of suit, including expert and other witness fees;

    E.     Attorney's fees pursuant to 42 U.S.C. §1988; and

    F.     Such other relief as this Court may deem appropriate.

        DOUGLAS R. WARE, L.L.C.
        s/ Douglas R. Ware

        _____
        Douglas R. Ware
        1075 Main Avenue, Suite 212
        Durango, CO 81301
        (970) 375-7803
        FAX: (303) 484-2950
        E-mail: doug@warelaw.net
        Attorney for Plaintiff